| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK | ECF Filing |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>GENERAL NUTRITION CORPORATION  )<br>)<br>Defendant.  )<br>) | Civil Action No.<br><br>COMPLAINT<br>AND<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide relief to John Doe ("Charging Party"), who was adversely affected by such practices. As alleged with particularity below, Defendant General Nutrition Corporation ("Defendant") discriminated against Charging Party by refusing to provide him a reasonable accommodation and terminating his employment because of his disability, Human Immunodeficiency Virus ("HIV") and related medical conditions, including a stroke-like brain injury.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991,

42 U.S.C. § 1981a.

2.   The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3.   Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.   At all relevant times, Defendant has continuously been a corporation doing business in the State of New York and has continuously employed at least fifteen employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6.   At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.   More than thirty days prior to the institution of the lawsuit, Charging Party filed a charge with EEOC, Charge No. 520-2006-02964, alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Since at least April 2006, Defendant has engaged in unlawful employment

practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112 and 12203, as outlined below:

    a.    Charging Party is an individual with a disability under the ADA in that he suffers from HIV and related medical conditions, including a stroke-like brain injury, which substantially limit him in one or more major life activities, including, but not limited to, reproduction, remembering, writing, talking, and walking. Defendant knew or should have known of Charging Party's disability.

    b.    Charging Party was employed as a part time Sales Associate by Defendant from approximately April 11, 2006 to April 22, 2006.

    c.    Throughout Charging Party's employment, he repeatedly informed his supervisors of his disability and his need for additional training time as a reasonable accommodation of his disability. With such a reasonable accommodation, Charging Party would have been able to perform the essential functions of the position.

    d.    Defendant denied Charging Party the reasonable accommodation and terminated his employment because of his disability.

9.    The effect of the practices complained of above have been to deprive Charging Party of equal employment opportunities and otherwise to affect adversely his status as an employee because of his disability.

10.    The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Charging Party.

11.    The unlawful employment practices complained of above were intentional.

12.    The unlawful employment practices complained of above were done with malice

and reckless disregard for Charging Party's federally protected rights, in violation of 42 U.S.C. § 12101 et seq.

## **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including, but not limited to, backpay and front pay, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Charging Party by reinstating him to the Sales Associate position.

E. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in an amount to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated: September 27, 2007
   New York, New York

            Ronald S. Cooper
            General Counsel

            James L. Lee
            Deputy General Counsel

            Gwendolyn Y. Reams
            Associate General Counsel

            EQUAL EMPLOYMENT
            OPPORTUNITY COMM'N
            1801 L Street, N.W.
            Washington, D.C. 20507

            /s/ Elizabeth Grossman
            Elizabeth Grossman (#105554)
            Regional Attorney
            Equal Employment Opportunity Comm'n
            33 Whitehall Street, 5th Floor
            New York, New York 10004
            Phone 212-336-3696
            Fax 212-336-3623
            elizabeth.grossman@eeoc.gov

            Lisa Sirkin
            Supervisory Trial Attorney

            Kam S. Wong
            Senior Trial Attorney
            Phone 212-336-3703
            kam.wong@eeoc.gov